## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ARTHUR GILBERT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-2128 (RJL)** |
| | ) | |
| **MICHAEL CHERTOFF, SECRETARY** | ) | |
| **DEPARTMENT OF HOMELAND SECURITY** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Defendant Michael Chertoff, Secretary, United States Department of Homeland Security, respectfully moves the Court, pursuant to Fed. R. Civ. P. 8(a), 12 (b)(6) and 12(e), for an order dismissing Plaintiff's claims in this action inasmuch as Plaintiff has failed to set forth a short and plain statement his claims, and failed set forth actionable claims. Alternatively, Defendant moves the Court for an order requiring Plaintiff to amend his complaint to provide a more definite statement. Defendant submits the attached memorandum of points and authorities and a proposed order.

Respectfully submitted,


_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____/s/_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ARTHUR GILBERT** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 05-2128 (RJL)** |
| | ) |
| **MICHAEL CHERTOFF, SECRETARY** | ) |
| **DEPARTMENT OF HOMELAND SECURITY** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR,**
**IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

The Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 8(a), 12 (b)(6) and 12(e) to dismiss the Complaint or, in the alternative, for a more definite statement. As grounds for this motion, Defendant submits that Plaintiff has so integrated into the Complaint non-actionable claims subject to dismissal for failure to exhaust that it is unclear whether Plaintiff has a legitimate cause of action that he is advancing. Defendant submits therefore that the Complaint should be dismissed and that he is unable to respond to the Complaint as drafted.

## THE COMPLAINT

Plaintiff makes the following allegations in a section of his Complaint entitled "Background." He is a Customs Inspector, Grade 13, with the U.S. Department of Homeland Security, with more than 30 years of government service in Customs. Compl at ¶¶ 11-12. Plaintiff describes himself as Mexican-American and as being over forty years of age at the time of the alleged discriminatory conduct. Compl. at ¶¶ 13-15.

Plaintiff alleges generally that he meets the criteria and has the work experience for a Grade 15 management position and for a Senior Executive Service position. Compl. at ¶¶ 40 & 41. Plaintiff reveals that he entered into a settlement agreement with Customs concerning a complaint filed by Plaintiff with the Merit Systems Protection Board (MSPB), under the terms of which agreement Plaintiff was credited with two years of headquarters experience. Plaintiff alleges that he has the equivalent of over 15 years of Headquarters experience. Id. at ¶ 43. Plaintiff further maintains that his supervisor, Robert Jacksta, has not communicated any negative opinion about Plaintiff's writing skills, efficiency or completion of assignments on either an informal or formal level, or in a verbal or written performance review. Id. at ¶ 60. Notwithstanding, Plaintiff contends, over a two year period, Mr. Jacksta missed or ignored approximately 19 opportunities to recommend him for a promotion. Id. at ¶ 75. Plaintiff alleges that, despite the fact that his name consistently appeared on the best-qualified list in the vacancies for which he had applied, Mr. Jacksta repeatedly declined to recommend him for promotion. Id. at ¶ 76.

Plaintiff makes the following additional claims in a section of his Complaint entitled "Allegations." Plaintiff contends that Mr. Jacksta did not recommend him for any of the available promotions because of Plaintiff's prior and ongoing protected activity, his race (Hispanic/ Mexican American), and his age. Compl. at ¶ 174. Plaintiff effectively claims that he was the subject of disparate treatment. Plaintiff claims that selecting official Heinrich did not select him because of his protected activity, his race and his age. Compl. at ¶ 175. On July 1, 2001, Mr. Jacksta reassigned Plaintiff from the Land Section to the Passenger Data Analysis Team, which reassignment he was ordered to accept, while three younger, non-Mexican American employees, without prior EEO activity, were given the option of reassignment. Compl. at ¶¶ 176-179.

Further, according to Plaintiff, an employee who succeeded him in the more prestigious Land Section, Reefe – one of these three younger employees, was promoted to a GS-14, non-supervisory position. Compl. at ¶¶ 182-185, 189. In turn, Plaintiff was transferred to Reefe's position in Passenger Data Analysis, but many of Reefe's prior duties were reassigned to Denning, a younger, white employee, which reassignment decreased Plaintiff's chances for promotion. Compl. at ¶¶ 183, 187, and 188.

Throughout the Complaint, Plaintiff challenges his non-selection for the following positions which are outlined, for ease of reference, in the following tables:

| **Position: (Grade 14 Customs Inspector Position) (Vacancy Announcement No.: HEADQ/00-304KBS)** | | | | |
|---|---|---|---|---|
| Selection Date | Selecting Offcl | Selectee | Selectee Characteristics | Plaintiff's Claims |
| Late Sept./ Early October 2000 (¶¶77-83) | John Heinrich | Hasegawa Nott Colbert Laxton | None were Mexican-Americans. Ages ranged from 38 to 51. Hasegawa, Nott, and Laxton were female. | Pltff was one of nine best qualified. Pltff was "significantly better qualified than Hasegawa, Nott, and Laxton." (See ¶¶ 81-83.) |
| 11/2/00 (¶¶88-95) | John Heinrich | No selection. | Not applicable. | Pltff one of nine best qualified. Jacksta did not recommend him because of discriminatory or retaliatory animus. Heinrich did not select him for the same reason. |

| Position:  (Grade 14 Customs Inspector Position) (Vacancy Announcement No.:  HEADQ/00-304KBS) | | | | |
|---|---|---|---|---|
| Selection Date | Selecting Offcl | Selectee | Selectee Characteristics | Plaintiff's Claims |
| 2/14/01 (¶¶144-146). | John Heinrich | Robert Michaud | 54 years old non-Mexican American male No prior EEO activity | Pltff made the certification list. |
| 2/22/01 (¶¶147-149). | Bonnie Tischler | Glenn Ross | 47 years old non-Mexican-American male no prior EEO activity. | Pltff  was one of the eleven best qualified candidates. |

| Position: Supervisory Field Operations Specialist, Grade 14 (Vacancy Announcement No.:  HEADQ/00-305KBS). | | | | |
|---|---|---|---|---|
| Selection Date | Selecting Offcl | Selectee | Selectee Characteristics | Plaintiff's Claims |
| 11/15/00 (¶¶128-136) | Bonnie G. Tischler | Mirtha Gonzalez | age 34, non-Mexican-American female | Gonzalez ranked lower than Pltff in the rating criteria.  Pltff had sixteen years' more experience in Customs. (¶¶133-135.) |

| Vacancy Announcement: HEADQ/99-432GH (Very little is stated about this position.  It is only mentioned in ¶¶ 84-86.) | | | | |
|---|---|---|---|---|
| Selection Date | Selecting Offcl | Selectee | Selectee Characteristics | Plaintiff's Claims |
| (¶¶84-86) | | | | |

| Grade 13/14 Customs Inspector (Vacancy Announcement: HEADQ/00-402CAL) | | | | |
|---|---|---|---|---|
| Selection Date | Selecting Offcl | Selectee | Selectee Characteristics | Plaintiff's Claims |
| 3/9/01 (¶¶137-143) | Bonni Tischler | Michael Jackson Grady Tipton | Both were non-Mexican-Americans. Jackson-age 59. Tipton-age 53. | Pltff had previously supervised Jackson, had significantly more experience with Customs regulations and enforcement than Tipton (¶¶140-142). |

| Grade 14 Supervisory Field Operations Specialist (HQOFO/00-006KBS): | | | | |
|---|---|---|---|---|
| Selection Date | Selecting Offcl | Selectee | Selectee Characteristics | Plaintiff's Claims |
| 7/5/01 (¶¶150-159) | John Heinrich | Yvonne Acosta-Hagans | Age 35, non-Mexican American female | Pltff had more than ten times the supervisory experience of selectee (¶¶153-159). |

| Grade 14 Customs Inspector (HQOFO/01-005KBS): | | | | |
|---|---|---|---|---|
| Selection Date | Selecting Offcl | Selectee | Selectee Characteristics | Plaintiff's Claims |
| 5/30/01 (¶¶96-102) | Bonni Tischler | (1) Edward Moriarty (2) Robert Schotens (3) John Wagner | All are non-Mexican-American. Moriarty-age 36 Schotens-age 39 Wagner-age 33 | Pltff had significantly more Customs experience and management experience than all three. selectees (¶¶ 99-102). |

5

| Grade 14 Customs Inspector (HQOFO/01-005KBS): | | | | |
|---|---|---|---|---|
| Selection Date | Selecting Offcl | Selectee | Selectee Characteristics | Plaintiff's Claims |
| June 2001 (¶¶104-113) | Bonni Tischler | Mark Reefe | 32 year old, non-Mexican-American male. | Pltff made the selection list as one of the seven best qualified. Pltff's supervisor, Jacksta, told him that he had selected someone who had been here longer (¶¶ 107-113). |
| 8/30/01 (¶¶164-167) | John Heinrich | Todd Hoffman | 31 year old, non-Mexican-American male | In early August, when the certification list was compiled, Pltff had just initiated his EEO complaint. Pltff was one of nine on the certification list. |
| An additional list of best qualified applicants was made for this vacancy on 11/29/05. (¶¶168-171). Other details uncertain. | Unknown | John Milne | | Pltff was significantly more qualified than Milne. Pltff had supervised Milne in San Diego. This list was made at the same time that Pltff's EEO complaint investigation was to be conducted. |

| Position: GS-14 Supervisory Customs Inspector (Vacancy Announcement No.: HQOFO/01-018KBS) | | | | |
|---|---|---|---|---|
| Selection Date | Selecting Offcl | Selectee | Selectee Characteristics | Plaintiff's Claims |
| Date is not explicitly stated but the position's opening date was 7/11/01. (¶¶161-163). | Bonni Tischler | Beverly Liefer Dean Witmer | Both non-Mexican-Americans. Liefer- 36 year-old female. Witmer-46 year-old male. | Pltff was on the best qualified list and placed on a certification list submitted to Tischler. |

EEO Complaints:

In paragraphs 17 through 24 of the Complaint, Plaintiff admitted that he had filed claims with the MSPB between 1993 and 1997.  He alleged that Customs' discriminated against him in its handling of misconduct charges brought by his subordinates and Agency employees located in San Diego.  Plaintiff admitted that he and the agency entered into settlement agreements concerning the allegations made to the MSPB.  This settlement agreement directed Plaintiff to report for duty at Agency Headquarters in Washington, D.C. on July 1, 2000.

On July 12, 2001, Plaintiff admits, he contacted an EEO counselor regarding his nonselection for any of the available HQOFO/01-005KBS positions.  Compl. at ¶ 113.  On September 12, 2001, Plaintiff concedes, he filed a formal charge of discrimination with the Custom's EEO office. Id. at ¶114.  On January 14, 2004, Plaintiff received a final decision on his claim from an Administrative Law Judge ("ALJ") with the Equal Employment Opportunity Commission's Washington Field Office. Compl. at ¶ 6.  Although on January 20, 2004, Customs accepted the ALJ's decision and issued a final order, id. at ¶ 7, Plaintiff appealed.  Nonetheless, on August 3, 2005, the EEOC's "Office of Federal Operations" affirmed the ALJ's decision. Id. at ¶ 9.

## Causes of Action:

Plaintiff describes generally three causes of action. Plaintiff sets forth a cause of action for Retaliation – claiming that Mr. Jacksta and Mr. Heinrich, knowing of his claims against the Agency, retaliated against him when they repeatedly rejected his applications for promotion and failed to advance them, despite his standing as the best qualified candidate and on account of his protected activities. Compl. at ¶ 195. Plaintiff advances a claim for Failure to Promote because based on his race or nationality as Hispanic and/or Mexican-American. Plaintiff contends that Defendant did not promote him to a Grade 14 position even though he was the best-qualified candidate. Finally, Plaintiff also advances a Failure to Promote claim based on age. Id.

### ARGUMENT

**A.   Legal Standard of Review for Motion to Dismiss**

Defendant moves to dismiss Plaintiffs' Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Requests for dismissal for lack of jurisdiction over the subject matter pursuant to 12(b)(1) and failure to state a claim pursuant to 12(b)(6) require different standards of review.

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 543 U.S. 809 (2004). In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to

establish subject-matter jurisdiction by a preponderance of the evidence." <u>Thompson</u>, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint. <u>Herbert v. National Academy of Science</u>, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. <u>See</u> <u>id</u>.  In connection with this rule, Defendant has submitted herewith materials from Plaintiffs' other cases, either before this Court or before the MSPB.

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) may be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports her claim for relief. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Sparrow v. United Air Lines, Inc.</u>, 216 F.3d 1111, 1117 (D.C. Cir. 2000).  The Court is to treat the Complaint's factual allegations as true, <u>see</u> <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 164 (1993), and must grant Plaintiffs "the benefit of all inferences that can be derived from the facts alleged," <u>Schuler v. United States</u>, 617 F.2d 605, 608 (D.C. Cir. 1979).  However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." <u>Akintomide v. United States</u>, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing <u>National Treasury Employees Union v. United States</u>, 101 F.3d 1423, 1430 (D.C. Cir. 1996); <u>Kowal v. MCI Communication Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  Applying these standards demonstrates that Plaintiffs' Complaint should be dismissed.

**B.**     <u>**Exhaustion by Timely Pursuit of Claim**</u>

In the context of federal discrimination claims, administrative "exhaustion" requires the plaintiff to file a timely administrative charge. <u>Kizas v. Webster</u>, 707 F.2d 524, 543 (D.C. Cir. 1983) (Title VII); <u>Tyler v. United States Postal Service</u>, 2001 U.S. Dist. LEXIS 2110, at *8 (D.D.C. Feb. 22, 2001) (ADEA). "Exhaustion is required in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary." <u>Brown v. Marsh</u>, 777 F.2d 8, 14 (D.C. Cir. 1985). <u>See</u>, <u>e.g.</u>, <u>Delaware State College v. Ricks</u>, 449 U.S. 250, 256-57 (1980) (stating that the Title VII administrative filing requirement protects employers from the burden of defending claims that arise from decisions that were made long ago). <u>Tyler</u>, 2001 U.S. Dist LEXIS 2110, *8-9. Compliance with the above-mentioned procedures is mandatory. The Supreme Court recently emphasized that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." <u>National Railroad Passenger Corp. v. Morgan</u>, 536 U.S. 101, 110 (2002).

As reflected in the attached August 3, 2005 opinion from Plaintiff's administrative appeal to the Equal Employment Opportunity Commission (EEOC) (hereinafter "EEOC Opin."), it is clear that Plaintiff failed to exhaust, for failure to initiate timely EEO counselor contact, claims concerning vacancy announcements HEADQ/99-432GH, HEADQ/00-304KBS, HQOFO/00-006KBS and HEADQ/00-305KBS. EEOC Opin. at 5. Accordingly, these claims should be dismissed.

**C.**     <u>**Plaintiff Should Be Required to File a More Definite Statement**</u>

Plaintiff's Complaint is vague and confusing. As to the causes of action actually advanced by Plaintiff Defendant has no way of determining whether Plaintiff timely exhausted his administrative remedies, or even what claims are before the Court, versus information sought to be

offered as "background," or for some other purpose.  Defendant thus is left to speculate about what claims are actually before the Court, whether those claims are being raised pursuant to Title VII, and whether, if so, those claims were exhausted administratively.

Under the Federal Rules, the principal function of the Complaint is to give the Defendant fair notice of the claims asserted so that the Defendant can make an adequate response, either by answer or dispositive motion.  Here, the Complaint fails to meet even these minimum requirements.

Rule 8(a), Fed. R. Civ. P., states that a claim:

> [S]hall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Id.  Similarly, Rule 10(b), Fed. R. Civ. P., requires that:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Id.

"The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable."  Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977) (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217).  "Beyond this, the rule serves to sharpen the issues to be litigated . . . ."  Brown, 75 F.R.D. at 498 (dismissing pro se plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action).  Because Plaintiff's Complaint has failed to comply with the Rules, it should be dismissed.

11

Alternatively, the Court should enter an order pursuant to Fed. R. Civ. P. 12(e) requiring Plaintiff to amend the Complaint in order to make "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Fed. R. Civ. P. 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

A more definite statement of Plaintiff's claims is critical because, as stated, to the extent Plaintiff is advancing Title VII claims, he must have filed a timely administrative claim with the employing agency and exhausted his administrative remedies before filing a civil action.  Plaintiff's Complaint lacks the necessary specificity to enable Defendant to understand the nature of the claims against his Department.  Rather, Plaintiff's Complaint appears to seek to advance a claim for every single position for which Plaintiff was not selected and for retaliation relating to all or portion of these non-selections.   Apart from whether the Court dismisses any portion of the the Complaint outright, it will be exceedingly difficult for Defendants to proceed with discovery, or even to prepare an answer to the Complaint, without a more definite statement of the specific alleged wrongful acts that serve as the bases of Plaintiff's claims for relief.  See, e.g., October 18, 2005 Memorandum Opinion and Order at 9, Clariett v. Rice, Civil Action No. 04-2250 (RJL), (ordering plaintiff to file a more definite statement where "it is unclear whether plaintiff exhausted administrative remedies with respect to [certain] Title VII claims") (attached).

## <u>CONCLUSION</u>

WHEREFORE, Defendant respectfully submits that the Court should dismiss Plaintiff's complaint, or, in the alternative, require Plaintiff to amend his Complaint such that it sets forth a more definite statement of his claims.

Respectfully submitted,


_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____/s/_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

February 21, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, this 21st day of February, 2006, reliance on the Electronic Court

Filing system (ECF) to insure that a digital copy of the foregoing      Defendant's Motion to Dismiss

Or, in the Alternative, for a More Definite Statement, has been served on Counsel for the Plaintiff

by the Electronic Court Filing system, or, if this means fails, then first class mail, postage prepaid,

addressed to:

Leizer Z. Goldsmith
900 L Street, N.W.,
Suite 614
Washington, D.C.  20036
Counsel for the Plaintiff


_____
OLIVER W. MCDANIEL
D.C. Bar No. 377-360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 616-0739
(202) 514-8780 (Fax)