UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
**ARTHUR GILBERT,**                      )
                                                        )
       Plaintiff,                          )
                                                        )       Civil Action No. 05-cv-2128 (RJL)
       v.                                        )
                                                        )
**MICHAEL CHERTOFF,**                )
Secretary                                          )
**Department of Homeland Security**  )
                                                        )
       Defendant.                        )
_____ )

**PLAINTIFF'S OPPOSITION AND RESPONSE TO DEFENDANT'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT**

### I.   INTRODUCTION

In this employment retaliation and discrimination action, Defendant has moved under Fed. R. Civ. P. 12(b)(1) to dismiss Plaintiff Gilbert's complaint for alleged lack of subject matter jurisdiction (under Fed. R. Civ. P. 12(b)(6)), for alleged failure to state a claim upon which relief can be granted, and/or for alleged failure to exhaust administrative remedies. Defendant has also moved for a more definite statement. For the reasons set forth below, Defendant's Motion should be denied.

### II.   FACTUAL BACKGROUND

In this case, Plaintiff Arthur Gilbert ("Gilbert") shows that his supervisor, Robert Jacksta ("Jacksta"), repeatedly declined to recommend him on multiple occasions and selecting officials John Heinrich and Bonnie Tischler repeatedly declined to select him for promotions to the GS-14 level. Gilbert applied for the promotions over a period of approximately two years. However, he was not recommended because of his

race/ethnicity, age and prior protected activity. See Complaint ¶¶ 17-20, 69-72, 107-110. Instead, individuals with significantly less experience and/or whom Gilbert had at one time supervised received recommendations and selected for the promotions at issue. See e.g., Complaint 96-106, 141, 150-159.

Gilbert contacted an EEO counselor on July 12, 2001 regarding the repeated non-selections. Complaint ¶ 113. He received a final Agency decision on August 2, 2005 (Complaint ¶ 9), and timely filed this complaint under Title VII and the ADEA, alleging failure to promote on account of his prior protected activity, his race/ethnicity, and his age.

### III.   ARGUMENT:
### DEFENDANT HAS OFFERED ONLY BARE CONCLUSORY ASSERTIONS THAT PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER 12(B)(1) AND/OR 12(B)(6), AND THEREFORE, THE MOTION MUST BE DENIED

**A.   Defendant Has Not Submitted The Referenced Exhibits, Set Forth Any Facts, Or Made Any Legal Arguments In Support Of His Contention That This Court Lacks Subject Matter Jurisdiction**

Defendant (Brf.. at 9) baldly asserts that "materials from Plaintiffs' [sic] other cases either before this Court or before the MSPB," submitted in connection with the instant Motion demonstrate that this Court lacks subject matter jurisdiction over Gilbert's complaint. From a review of the docket, however, it does not appear that these materials were actually ever filed with the Court, and Gilbert certainly never received them. Initially, Gilbert notes that he has not previously filed a case in the United States District Court for the District of Columbia, and thus, that there would be no prior district court decision to submit. While Gilbert did litigate before the Merit Systems Protection Board in 1993 and 1997, Defendant did not submit either of those decisions in

2

connection with the instant Motion, which in any event, addressed different issues.[1] Standing alone, failure to submit admissible evidence in support of a party's claims may warrant denial of a defendant's motion to dismiss.  See Connors v. Muncy, 1994 U.S. App. LEXIS 29098 (4th Cir. 1994) (plaintiff's motion for summary judgment granted in light of defendant's failure to submit evidence in connection with response).

Furthermore, Defendant has not provided any facts or legal analysis to explain why the materials Defendant references would preclude this Court from exercising subject matter jurisdiction.  Such conclusory assertions, lacking any elaborative argument, "typically do[] not warrant review."  See Fox v. Am. Airlines, Inc., 389 F.3d 1291, 1296 (D.C. Cir. 2004)  (citing Wash. Legal Clinic for the Homeless v. Barry, 107 F.3d 32, 39 (D.C. Cir. 1997) (issue not properly raised where addressed in "cursory fashion" supported only with "bare-bones arguments")); Cement Kiln Recycling Coalition v. EPA, 255 F.3d 855, 869 (D.C. Cir. 2001) (party's "single conclusory sentence" insufficient to raise issue).  Thus, because Defendant failed to advance any legal or factual argument, much less any probative evidence, he has fallen far short of showing that this Court lacks subject matter jurisdiction over Gilbert's complaint.  Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) should, therefore, be summarily denied.

### B.  Defendant Has Offered No Legal Or Factual Analysis To Support Dismissal Under Fed. R. Civ. P. 12 (b)(6)

"For a complaint to survive a Rule 12(b)(6) motion to dismiss, it need only provide a short and plain statement of the claim and the grounds on which it rests." Woodruff v. DiMario, 197 F.R.D. 191, 193 (D.D.C. 2000) (citing Conley v. Gibson, 355

---

[1] Defendant's exhibits filed with the instant Motion include the August 3, 2005 Decision by the EEOC Administrative Law Judge, 205 EEOPUB LEXIS 3801, and the Opinion and Order in Clariett v. Rice, Civil Action No. 04-2250 (RJL).

3

U.S. 41 (1957).  A complaint may be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Glymph v. District of Columbia, 180 F. Supp. 2d 111, 113 (D.D.C. 2001) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) and Atchinson v. D.C., 73 F.3d 418, 422 (D.C. Cir. 1996)).  "As with motions under Rule 12(b)(1), the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff."  Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998).

      Defendant (Brf.. at 9) argues that this Court should dismiss Gilbert's complaint under Fed. R. Civ. P. 12 (b)(6) because this Court "need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint . . . [or] accept the plaintiff's legal conclusions."  But, just as in the case of Defendant's argument to dismiss Gilbert's Complaint under Rule 12(b)(1), Defendant has completely failed to identify the particular inferences or legal conclusions to which he refers.  As argued above, this Court should not consider such a cursory argument.  See The Power Co. of America v. FERC, 245 F.3d 839, 845 (D.C. Cir. 2001) ("It is not the court's role to fill in the blanks in counsel's argument").  Because Defendant has not set forth any legal argument, his motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be denied.

      Moreover, even a brief review of the Complaint illustrates that Defendant's argument is without merit.  Gilbert asserted that he applied for a GS-14 position under Vacancy Announcement HQOFO/01-005, and that less-qualified, significantly younger, non-Mexican American applicants without prior protected activity were selected for the available positions.  See (Complaint ¶¶ 96-112).  Similarly, Gilbert asserted that he applied for under Vacancy Announcement  HQOFO/01-018KBS for a Grade 14

4

Supervisory Field Operations Specialist position, but that the Agency selected two less qualified, younger, non-Mexican American individuals.  See (Complaint ¶¶ 161-163).  A plaintiff may demonstrate that the respondent's claim to have promoted a better qualified applicant was pretextual and, therefore, discriminatory and/or retaliatory "'by showing that []he was in fact better qualified than the person chosen for the position.'" Ash v. Tyson Foods Inc. 546 U.S. ____, 126 S.Ct. 1195, 163 L. Ed. 2d 1053, 1057 (2006) (citing Patterson v. McLean Credit Union, 491 U.S. 164, 187-88 (1989)).  Thus, treating Gilbert's material allegations as true – as the Court must at this stage -- Gilbert has shown that he was not selected, but that less-qualified individuals without prior protected activity were. Accordingly, Gilbert has sufficiently alleged his claims of discriminatory/retaliatory non-selection under Title VII.[2]   Because Defendant has not pointed to any untenable inference or legal conclusion drawn by Gilbert, and Gilbert has set forth even more facts than required to defeat a motion to dismiss, Defendant's motion to dismiss Gilbert's complaint under 12(b)(6) for failure to state a claim upon which relief may be granted must be denied.  See Fields v. Bellamy, 1994 U.S. App. LEXIS 28174 (D.C. Cir. 1994) (dismissal improper when employee's complaint alleged the elements of a prima facie case under both the Rehabilitation Act and the Age Discrimination in Employment Act).

    C.    **Other Acts Of Discrimination May Be Asserted As Background Information**

In AMTRAK. v. Morgan, 536 U.S. 101 (2002), the Supreme Court held that even when particular facts cannot independently support a claim because no claim was brought timely, a plaintiff may still use such facts-- such as prior acts of discrimination--

---

[2]    Although Gilbert has done so in his complaint, a plaintiff need not set forth "specific facts establishing a prima facie case of discrimination," in order to survive a motion to dismiss.  Swierkiewicz v. Sorema, 534 U.S. 506, 508, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).

5

as "background evidence" in support of a claim that *is* timely.  To this end, the Complaint in this case recites certain information regarding non-selections under vacancy announcements HEADQ-432-G, HEADQ/00-305KBS, and HEADQ/00-402CAL, solely because they are highly persuasive background evidence that the Agency's unlawful retaliation and discrimination against Gilbert has been consistent and continual since his arrival at headquarters in 2000.  See Law v. Cont'l Airlines Corp., 399 F.3d 330 (D.C. Cir. 2005) ("a prior act "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue.") (quoting United Air Lines, Inc. v. Evans, 431 U.S. 553 (1977)); Childers v. Slater, 1998 U.S. Dist. LEXIS 11882, *11 (D.D.C. 1998)(other complaints of discrimination are relevant); Martin v. PEPCO, 1990 U.S. Dist. LEXIS 11688, *40 (D.D.C. 1990)(same);  Planells v. Howard University, 1983 U.S. Dist. LEXIS 19786, *2-3; 30 Fair Empl. Prac. Cas. (BNA) 1691 (D.D.C. 1983)(internal citations omitted).  Thus, because Gilbert does not assert that Defendant's failure to select him under Vacancy Announcements HEADQ-432-G, HEADQ/00-305KBS, and HEADQ/00-402CAL  reflect independent legal claims in this case, Defendant's motion to dismiss such "claims" for failure to exhaust administrative remedies should be denied, or denied as moot.

      **D.    Gilbert Is Not Bound By The Findings Of The EEOC Administrative Judge On The Issue Of Administrative Exhaustion**

Defendant (Brf. at 10) asserts that this Court's determination with regard to administrative exhaustion should "reflect" the Administrative Judge's finding that Gilbert failed to exhaust administrative remedies as to two of the promotions still at issue - HQOFO/00-006KBS and HEADQ/00-304KBS.  Defendant's reliance on the administrative decision as grounds for dismissal, however, ignores the established legal

6

tenet that a federal employee enjoys a right to a trial de novo on his discrimination claims. Scott v. Johanns, 409 F.3d 466, 469 (D.C. Cir. 2005) (citing Chandler v. Roudebush, 425 U.S. 840 (1976)); Herron v. Veneman, 305 F. Supp. 2d 64 (D.D.C. 2004). When conducting their review of the plaintiff's case, "federal courts should not defer to final administrative determinations. . . ." Id. (citing Chandler); see also Toney v. Block, 705 F.2d 1364, 1366 (D.C. Cir. 1983) ("Unquestionably, the Examiner's findings are not binding upon the appellant, since it is clear that he is entitled to a trial de novo."); Walker v. Dalton, 89 F. Supp. 2d 20, 24 (D.D.C. 2000); Purlock v. Postmaster Gen., 19 Fed. Appx. 338, 339 (6th Cir. 2001) (performing de novo review on issue of timeliness of filing of plaintiff's EEO charge); Boarman v. Sullivan, 769 F. Supp. 904, 908 (D. Md. 1991) (same).

Defendant sets forth no admissible evidence-- such as the dates of the relevant selections or the dates upon which Gilbert became aware of the adverse actions-- that could demonstrate that Gilbert's contact with the EEO counselor as to selections under Vacancy Announcements HQOFO/00-006KBS and HEADQ/00-304KBS exceeded the 45-day time period within which to contact the EEO counselor. Instead, Defendant relies *exclusively* upon the administrative decision to support the contention that Gilbert failed to administratively exhaust his remedies as to selections made under the relevant vacancy announcements. However, because "untimely exhaustion of administrative remedies is an affirmative defense, the federal agency bears the burden of pleading and proving it." McCants v. Glickman, 180 F. Supp. 2d 35, 39 (D.D.C. 2001); see also Bowden v. United States, 323 U.S. App. D.C. 164, 106 F.3d 433, 437 (D.C. Cir. 1997); Aceto v. England, 328 F. Supp. 2d 1, 5 (D.D.C. 2004). Since Defendant's motion to dismiss these claims is based solely on the decision of the Administrative Judge, his request for

7

dismissal on account of Gilbert's alleged failure to exhaust his administrative remedies as to these selections should be denied.

### E. Gilbert's Claim Is Timely With Regard To Vacancy Announcement HEADQ/00-304KBS; Even Assuming, Arguendo, That It Is Not, The Doctrine Of Equitable Tolling Should Be Applied To The Agency's Failure To Promote Gilbert Pursuant To That Announcement

Assuming, *arguendo*, that Defendant had submitted adequate evidence in support of dismissing Gilbert's claims, with regard to Vacancy Announcement HEADQ/00-304KBS, a review of the facts reveals that the Motion to Dismiss must be denied in any event. An employee's discrimination claim cannot be said to accrue until the employee is informed of the employer's adverse decision. See Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) ("Generally, an employee is notified of an adverse employment decision when a particular event or decision is announced by the employer."); Gray v. Phillips Petroleum Co., 858 F.2d 610, 614 (10th Cir. 1988); Olson v. Mobil Oil Corp., 904 F.2d 198, 200 (4th Cir. 1990) ("The 180-day limitations period for an ADEA action arising out of a job termination commences when the employee is informed of his termination; Price v. Litton Business Sys., Inc., 694 F.2d 963, 965 (4th Cir. 1982)"); Economu v. Borg-Warner Corp., 829 F.2d 311, 315 (2d Cir. 1987)("the limitation period begins to run on the date when the employee receives a definite notice of the termination"). As we show below, Gilbert was never given notice of non-selection under this announcement, but in fact diligently filed his informal complaint as soon as he suspected that he was being denied promotion.

Even if Gilbert's time for filing could be said to have accrued at some point prior to when he initiated his informal EEO counseling, the time for contacting the EEO counselor is subject to the doctrine of equitable tolling, which should be applied here.

8

Jarrell v. United States Postal Service, 753 F.2d 1088, 1091 (D.C. Cir. 1985); Saltz v. Lehman, 672 F.2d 207, 208 (D.C. Cir. 1982)(the requirement that an employee bring his complaint to the attention of an EEO Counselor within the requisite time period is subject to equitable tolling).

The 45-day time period for a federal employee to contact an EEO counselor begins to run when the plaintiff learns that he was not selected for the position. McCants v. Glickman, 180 F. Supp. 2d 35, 40 (D.D.C. 2001). It is knowledge of the fact of an adverse employment decision that triggers the running of the statute of limitations. Hulsey v. Kmart, Inc., 43 F.3d 555, 558-559 (10th Cir. 1994), citing Hamilton v. 1st Source Bank, 928 F.2d 86, 88-89 (4th Cir. 1990). A plaintiff's lack of knowledge of the discriminatory nature of an employment decision and the reasons for that lack of knowledge are also relevant to an analysis of equitable tolling. Gibson v. Office of the Architect of the Capitol, 2002 U.S. Dist. LEXIS 27602 (D.D.C. 2002)

In this case, according to the Agency's EEO Report of Investigation, Vacancy Announcement HEADQ/00-304KBS opened on August 16, 2000 and closed on February 16, 2001. See Exhibit F (Vacancy Announcement HEADQ/00-304KBS). However, the Agency continued to make selections under the announcement until at least May 4, 2001. See Exhibit A (selections under HEADQ/00-304KBS). In fact, the Agency's EEO Report of Investigation reveals that at least six certification lists were prepared between September 2000 and May 2001. See Exhibits A and B. Over the course of those months between September 2000 and May 4, 2001, at least six individuals were selected from these various certification lists. See Exhibit A. In addition, the selecting official declined to choose any selectee from the certification list of November 2, 2000, which included Gilbert. See Exhibit B hereto.

The Agency never notified Gilbert that he was not selected. Complaint ¶¶ 95, 111. It did not issue him a rejection letter, place a phone call to him, send him an e-mail, or provide any other formal or informal notice that his application for a promotion under this announcement had been passed over or rejected. Nor did Gilbert suspect that any decision had been reached not to select him. See Exhibit G (Gilbert Aff ¶ 6). Indeed, the Agency made these selections from a single vacancy announcement, periodically, over a nine-month period. Moreover, the selectees appeared to continue to sit in the same locations while apparently performing the duties of their new positions, a practice typical of Customs headquarters. There were no extrinsic indications that anyone had been selected, let alone that Gilbert—nor anyone else-- had been rejected. Accordingly in the absence of any notification whatsoever, it was not and would not have been apparent to Gilbert that his application had been rejected, and Gilbert did not know and had no reason to know. See Complaint ¶¶ 77-85, Exhibit A (selection registers for HEADQ/00-304 KBS), Exhibit G (Affidavit of Arthur Gilbert ¶¶ 5-11). Because he did not know and had no reason to know that he had not been selected for the position until July 2, 2001, the day he talked to Jacksta, who told him at that time he had not recommended him for a position, the time for contacting an EEO counselor did not accrue more than 45 days before Gilbert contacted an EEO counselor, and moreover, the time for contacting the counselor should be tolled, and Gilbert's contact with the EEO counselor on July 12, 2001 considered timely as to Vacancy Announcement HEADQ/00-304KBS.

    **F.**    **Gilbert's EEO Counselor Contact Regarding The Agency's Failure To Promote Him Pursuant To Vacancy Announcement HQOFO/00-006KBS Was Timely**

As to Gilbert's non-selection under vacancy announcement HQOFO/00-006KBS, the Administrative Judge's decision stated that Gilbert's contact with the EEO counselor on July 12, 2001 was untimely because the position had been filled prior to March 12, 2001. See (Exhibit C – EEOC decision). It is unclear from the Agency's EEO Report of Investigation why the Administrative Judge found the selection date to be before March 12, 2001.[3] The selection register shows that the selectee for vacancy HQOFO/01-006KBS was Yvonne Acosta Hagans, a thirty-five year old with no prior protected activity. That register is dated July 5, 2001, merely seven days before Gilbert made his contact with the EEO counselor. See Exhibit D, hereto ( selection register for HQOFO/01-006). Contact with the EEO counselor seven days after the selection is well within the 45-day period and, therefore, timely. Aceto v. England, 328 F. Supp. 2d 1, 5 (D.D.C. 2004) ("Under 29 C.F.R. § 1614.105(a)(1), before filing suit against a federal employer under Title VII . . . a plaintiff must exhaust his administrative remedies by contacting an Equal Employment Opportunity ("EEO") counselor within 45 days of the matter alleged to be discriminatory or the effective date of an alleged discriminatory personnel action"). Defendant's Motion to Dismiss -- for failure to exhaust administrative remedies-- Gilbert's claim of unlawful nonselection for HQOFO/01-006 KBS, the position filled by Yvonne Acosta-Hagans, should therefore be denied. Woodruff v. Mineta, 215 F. Supp. 2d 135, 138 (D.D.C. 2002) ("If. . . an agency wrongfully dismisses a complaint for a purported failure to comply with a provision of the regulations, the court should not remand the case to the agency but should "conclude that administrative remedies are exhausted and go on

---

[3] The selection register lists the vacancy number as HQOFO/01-006 KBS whereas Gilbert's formal complaint, the EEO investigator's report, the evidence submitted in connection with this Complaint, and the administrative decision all refer to this vacancy as HQOFO/00-006. Both numbers appear to refer to the same Vacancy Announcement.

to try all issues in the case on their merits." (quoting <u>Wade v. Sec'y of the Army</u>, 796 F.2d 1369, 1378 (11th Cir. 1986)).

### G. Gilbert Has Satisfied The Requirements Of Fed. R. Civ. P. 8, And, Therefore, No More Definite Statement Is Necessary

A "short and plain statement of the claim . . . providing sufficient information to allow a party to "frame a responsive pleading . . . is all the federal rules require." <u>Harbury v. Deutch</u>, 244 F.3d 956, 957 (D.C. Cir. 2001) (citing Fed. R. Civ. P. 8(a)(2)) and Fed. R. Civ. P. 12(e)).  Defendant's (Brf. at 10-11) argument that Gilbert's Complaint should be dismissed in its entirety because it is "vague and confusing" is simply silly. Defendant has specifically targeted four separate vacancy announcements as subject to dismissal on the grounds that Gilbert did not satisfy administrative prerequisites. Indeed, the mere fact that Defendant has filed a motion to dismiss several of Gilbert's claims renders his contention that he cannot frame a responsive pleading borderline frivolous.

In <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002), the Supreme Court held that a complaint which "detailed the events leading to [the plaintiff's] termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination. . . [gave] respondent fair notice of what petitioner's claims are and the grounds upon which they rest." Id. at 514.  In this case, Gilbert's complaint sets forth the vacancy announcements under which Gilbert applied and was not selected, the ages, nationalities of the selectees and whether they had engaged in prior protected activity, and evidence of discriminatory and retaliatory motive by his supervisor.  Thus, because Gilbert has satisfied the requirements of Rule

8(a), as explained by the Swierkiewicz Court, a more definite statement is not required. Id.

Though not required at this stage by the rules, in the interests of streamlining the litigation and simplifying Defendant's discovery efforts, Gilbert represents that he has specifically satisfied the administrative prerequisites as to the following positions: non-selection for one position under HEADQ/00-304KBS as discussed supra, non-selection under Vacancy Announcement HQOFO/01-005KBS, HQOFO/00-006KBA and HQOFO/01-018KBS. Gilbert's non-selection under these vacancy announcements occurred within 45 days of the date of Gilbert's contact with the EEO counselor and, thus, are timely.

To the extent that Defendant seeks to have this Court order Gilbert to further narrow his claims, Gilbert argues that discovery of information yet unknown regarding the selectees and process of selection is still necessary. Gilbert need not, at this early stage of the litigation, have definitively proven every claim asserted in the complaint. Any claim eventually found to be "lacking merit may be dealt with through summary judgment under Rule 56." Swierkiewicz, 534 U.S. at 514; Hilska, 217 F.R.D. 16, 21 (D.D.C. 2003); Atchinson, 73 F.3d at 421 (allowing a plaintiff to disclose more precisely the basis of his claim through discovery and other pretrial procedures) (citing Conley, 355 U.S. at 47-48 & n.9); Hodgson v. Va. Baptist Hosp., 482 F.2d 821, 824 (4th Cir. 1973) (noting that "prompt resort to discovery provides adequate means for ascertaining the facts without delay in maturing the case for trial").

Defendant (Brf. at 12) cites this Court's Opinion and Order in the case of Clariett v. Rice, Civil Action No. 04-2250 (RJL), in support of his contention that Plaintiff should be required to file a more definite statement. To the extent to which Clariett was ever

relevant to this case, it is not so now.  In <u>Clariett,</u> this Court found that the Complaint, prepared by someone who was not a professional litigator, was filled with "vague and conclusory statements."  The Court was able to sift through those statements and easily dismiss some allegations, and required a more definite statement as to those that remained. <u>Id</u>. at 9.  Here, by contrast, Gilbert's Complaint provides enormous detail about the facts, including the specific positions which he alleges he was discriminatorily and/or retaliatorily denied, the identity of the selectees, and the selecting and recommending officials, thus satisfying the requirements of Rule 8 *and* has filed this response in which he further delineates his claims.  Thus, Gilbert's Complaint could not reasonably be construed as vague or conclusory.  As such, <u>Clariett</u> is inapposite and, therefore, not persuasive here.

### IV.   CONCLUSION

As shown above, the Complaint herein satisfies the requirements of Federal Rule of Civil Procedure 8(a).  Gilbert has properly exhausted administrative remedies as to his non-selection under Vacancy Announcements HQOFO/01-005KBS, HQOFO/00-006KBA and HQOFO/01-018KBS, and must be permitted to continue litigating those claims.  Vacancy Announcement HEADQ/00-304KBS was also properly exhausted, and also should be subject to equitable tolling, so Gilbert should also be allowed to proceed on this claim.  Vacancy Announcements HEADQ-432-G, HEADQ/00-305KBS, and HEADQ/00-402CAL are merely background evidence, not claims in this case, and, therefore, are not subject to dismissal.   Accordingly, Defendant's Motion to Dismiss or in the Alternative For a More Definite Statement, should be denied in its entirety.

Respectfully submitted,

THE GOLDSMITH LAW FIRM, LLC

_____
Leizer Z. Goldsmith  (D.C. Bar No. 419544)
Kristen L. Walsh       (D.C. Bar No. 495767)
1900 L Street, N.W., Suite 614
Washington, D.C. 20036
Telephone: (202) 775-0040
Facsimile: (202) 318-0798