UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR GILBERT )<br> )<br>  Plaintiff, )<br> )<br>  v. )<br> )<br> MICHAEL CHERTOFF, SECRETARY )<br> DEPARTMENT OF HOMELAND SECURITY )<br> )<br>  Defendant. )<br>_____) | Civil Action No. 05-2128 (RJL) |

**REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**

The Defendant, through counsel, respectfully submits this memorandum both as a reply to Plaintiff's Opposition, and as a supplement, to Defendant's Motion to Dismiss and for a More Definite Statement. Plaintiff's concessions that certain referenced claims contained in the Complaint are not actionable, and other explanations, really point to why the Complaint minimally should be restructured. Absent the explanation offered in the opposition, in the circumstances of this case, the Complaint is so vague and ambiguous that dismissal or a more definite statement are viable and appropriate remedies, given the Complaint's failure to serve its fundamental purpose, that is, providing notice of the claims advanced.

**DISCUSSION**

"The essence of a complaint is to inform the defendant as to the general nature of the action and as to the incident out of which a cause of action arose." Bower v. Weisman, 639 F.Supp. 532, 538 (S.D.N.Y.1986), citing Boothe v. TRW Credit Data, 523 F.Supp. 631, 635 (S.D.N.Y.1981). In this case, the Complaint describes the causes of action as involving discriminatory non-selection,

involving the Plaintiff. However, the Complaint fails to specify which of a host of non-selections are clearly the basis for this suit. This type of "shot-gun" pleading effectively precludes Defendant from fashioning a coherent answer to the Complaint, and, at the discovery stage, could force Defendant to litigate a host of discovery issues unnecessarily. Moreover, to the extent that Defendant is expected to preserve documents, interview and later identify potential witnesses, and, especially, fashion appropriate defenses, Defendant clearly needs to know what claims are actually in issue. Setting forth defenses is, of course, an essential function of an answer, so Defendant needs to know exactly what discrimination claims are being advanced in order to know what defenses should be asserted in the answer.

     The Court in Saad v. Burns Intern. Sec. Services, Inc., 456 F.Supp. 33 (D.D.C. 1978) required just this sort of definition, requiring specificity of non-promotions in issue in a discrimination case. Id. at 36-37. Plaintiff asserts that he may use non-actionable facts as "background" and admits that he is not asserting claims concerning vacancy announcement numbers HEADQ-432-G, HEADQ/00-305KBS, and HEADQ/00-402CAL. However, to the extent this "background" appears little different than his actionable claims in the Complaint and, consequently, causes confusion as to what is or is not actionable, Plaintiff cannot just throw in so-called background information and thereby mislead Defendant as to whether the information forms the basis for an actionable claim.

WHEREFORE, Defendant respectfully submits that Defendant's Motion to Dismiss or for More Definite Statement should be granted.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, this 24th day of April, 2006, reliance on the Electronic Court Filing system (ECF) to insure that a digital copy of the foregoing Defendant's Reply Memorandum to Plaintiff's Opposition to Defendant's Motion to Dismiss Or, in the Alternative, for a More Definite Statement, has been served on Counsel for the Plaintiff by the Electronic Court Filing system, or, if this means fails, then first class mail, postage prepaid, addressed to:

Leizer Z. Goldsmith, Esq.
Kristen L. Walsh, Esq.
900 L Street, N.W., Suite 614
Washington, D.C.  20036
Counsel for the Plaintiff

                                                       /s/
                               OLIVER W. MCDANIEL
                               D.C. Bar No. 377-360
                               Assistant United States Attorney
                               Civil Division
                               555 4th Street, N.W.
                               Washington, D.C.  20530
                               (202) 616-0739
                               (202) 514-8780 (Fax)