# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ARTHUR GILBERT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-2128 (RJL)** |
| | ) | |
| **MICHAEL CHERTOFF, SECRETARY** | ) | |
| **DEPARTMENT OF HOMELAND SECURITY** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

## ANSWER

The Defendant, through counsel, the United States Attorney for the District of Columbia, herein answers the First Amended Complaint as follows:

## FIRST DEFENSE

Plaintiff is not entitled to pre-judgment interest pursuant to 28 U.S.C. § 2674.

In answer to the numbered paragraphs of the complaint, Defendant avers, objects and answers as follows:

1.    Defendant admits that plaintiff is a Program Officer, Customs Inspector, Grade GS-13 with Customs and Border Protection (CBP), a bureau of the Department of Homeland Security (DHS).

2.    Admitted.

3.    This paragraph contains conclusions of law concerning jurisdiction to which an answer is not required.  To the extent that an answer is deemed required, denied.

4.    This paragraph contains conclusions of law concerning venue to which an answer is not required.  To the extent that an answer is deemed required, denied.

5.      Denied. According to the administrative investigative file, Defendant contacted an EEO counselor on July 12, 2001. Investigative File (IF), Tab No. 2.

6.      Admitted.

7.      Defendant lacks sufficient information to admit or deny exactly when Plaintiff received the decision of the Equal Employment Opportunity (EEO) Administrative Judge, but admits that January 14, 2004, was the date of the decision.

8.      Denied.  The Department of Homeland Security (Agency) issued its final order on January 30, 2004.

9.      Admitted.

10.     Admitted.

11.     This paragraph contains a conclusion of law concerning subject matter jurisdiction to which an answer is not required.  To the extent that an answer is deemed required, Defendant denies the allegations of this paragraph.

6-1.[1]   Admitted.

7-1.    Denied.

8-1.    Defendant is without sufficient information to admit or deny whether Plaintiff is Mexican-American.

9-1.    Defendant is without sufficient information to admit or deny whether Plaintiff is fluent in English and Spanish.

---

[1]  Plaintiff has misnumbered the paragraphs of the Complaint, repeating numbers 6 through 11 after paragraph 11, which duplicate-numbered paragraphs Defendant has re-labeled with numbers including a "-1" suffix after the duplicate number.

10-1.   To the extent that agency records are consistent, Defendant admits Plaintiff's age and date of birth, but denies discrimination.

11-1.   Defendant admits that agency records reflect that he graduated from San Diego State University with a Bachelor of Arts degree in 1974.  Defendant is unable confirm that his degree is in Spanish and Education.

12-13.  Denied.

14.     Defendant admits that Plaintiff filed claims in the years noted.  However, Defendant denies Plaintiff's characterization of those claims.

15.     Defendant admits that Plaintiff and the agency (formerly the Department of the Treasury, U.S. Customs Service) entered into a settlement agreement dated June 5, 1998, resulting in the withdrawal of his Merit Systems Protection Board (MSPB) appeal, Docket No. SF-0752-98-0049-I-2.

16.     Admitted, except that Plaintiff was given the date of July 1, 2000, to report for work in Washington D.C.

17.     Denied.

18-19.  Admitted.

20.     Denied.  Available records, specifically Plaintiff's Official Personnel File, reflect that his career with Customs began on November 19, 1978.

21-24.  Denied.

25.     Admitted.

26.     Denied.

27.     Defendant is without sufficient information to admit or deny the allegations of this paragraph.

28.    Denied.

29.    Defendant is without sufficient information to admit or deny the allegations of this paragraph.

30.    Denied.

31.    At this time, Defendant is without sufficient information to admit or deny the allegations of this paragraph.

32-33.  Denied.

34.    Admitted.

35-39.  Denied.

40-42.  Denied.

43.    Defendant admits the first sentence of this paragraph.  Defendant admits Plaintiff's description of his headquarters activities and the remainder of this paragraph.  However, Defendant denies the implication that Mr. Pitts supervised Plaintiff for over 15 years, only for approximately three years in San Diego and again since Plaintiff's transfer to Washington, D.C. in July 2000.

44.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

45-50.  Denied.

51.    Denied. See paragraph 43 of the Complaint. [Defendant admits that for the period of 10-11 years of his career with which Mr. Pitts is familiar and/or served as Gilbert's first line supervisor, the statement in this paragraph is true.]

52-53.  Admitted.

54.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

55.    Denied.

56.    Denied.

57.    Admitted.

58.    Denied.

59.    Denied.

60.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

61.    Denied, except that Defendant admits that in 1986, Plaintiff received a letter of appreciation for a temporary duty assignment to Peru in which he made an oral presentation on behalf of U.S. Customs.

62.    Denied.

63.    Admitted.

64.    Denied, except that Defendant admits that in 1994 and 1995, Plaintiff received an award for Outstanding Performance for his work as an Operations Branch Chief.

65.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

66-68. Admitted.

69.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

70-71. Denied.

72.    Admitted.

73.    Denied, except that Defendant admits that Mr. Jacksta's recommendation was important for Plaintiff to be considered for a promotion to a vacancy in Mr. Jacksta's division.

74-75. Denied.

76.    Admitted, except that Defendant lacks sufficient information and knowledge to confirm the date of application.

77.

78-79. Admitted.

80.    Denied.

81.    Defendant lacks sufficient information to admit or deny, except to the extent that a definitive response is required, Defendant denies the allegations of this paragraph.

82.    Denied.

83.    Defendant lacks sufficient information to admit or deny, except to the extent that a definitive response is required, Defendant denies the allegations of this paragraph.

84.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

85.    Denied.

86.    Denied, except that Defendant admits that without a recommendation from his Executive Director, Plaintiff would have had difficulty being selected by for a vacant position within the Executive Director's division, even though selecting officials always have the option of selecting the best candidate based on their evaluation of the candidate.

87.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

88.    Admitted.

89.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

90-93.  Denied.

94-95.  Defendant lacks sufficient information to admit or deny the allegations of these paragraphs.

96.    Denied, except that Defendant admits that Plaintiff's name was on the Best Qualified List for Vacancy Announcement HQOFO/01-005KBS and that Assistant Commissioner Bonnie G. Tischler was the selecting official.

97.    Denied, except that Defendant admits that Assistant Commissioner Bonnie Tischler selected Edward Moriarty, Robert Schotens and John Wagner for Vacancy Announcement HQOFO/01-005KBS.

6

98-99.  Denied.

100.    Admitted.

101.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

102.    Denied.

103.    Admitted.

104.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

105.    Denied, except that Defendant admits that Mark Reefe was selected by Bonnie Tischler.

106     Denied.

107-109.        Denied.

110.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

111-112.        Denied.

113.            Denied.

114.            Denied.

115-118.        Denied.

119.    Admitted.

120-121.        Denied.

122-124.        Admitted.

125-129.        Denied.

130-131.        Admitted.

132-134.        Denied.

135.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

136.    As to the allegations contained in paragraph 136, Defendant [check agency records].

137.    Admitted.

138.    Admitted, except that agency records are the best evidence of the date.

139.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

140.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

141.    Denied.

142.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

143.        Denied.

144-145.        Admitted.

146.        Admitted.

147-148.        Admitted.

149.        Admitted, except that agency records are the best evidence.

150.        Denied, except that Defendant admits that Ms. Hagans name appeared on the best qualified list for vacancy announcement number HQOFO/00-006KBS.

151.    Admitted.

152.    Denied.

153.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

154.        Denied.

155-158.        Denied.

159.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

160.    Denied.

161.    Admitted.

162.    Denied, except that Defendant admits that Tischler selected Dean Witmer (male) and Beverley Leifer (female) under vacancy announcement number HQOFO/01-018KBS.

163.    Denied.

8

164.    Denied, except that Defendant admits that Gilbert's name appears on the selection register for vacancy announcement number HQOFO/01-005KBS.

165.    Admitted.

166.    Denied, except that Defendant admits that Mr. Heinrich selected Mr. Hoffman to fill a position under vacancy announcement number HQOFO/01-005KBS.

167.    Denied.

168.    Admitted.

169.    Denied, except that Defendant admits that the selection official is unknown for one selection made under vacancy announcement HQOFO/01-005 KBS. IF, Tab 26, p.001140.

170.    Admitted.

171-173.    Denied.

174.    Denied, except that Defendant admits that on or about July 1, 2001, Robert Jacksta reassigned Gilbert from the Land Section to the Passenger Data Analysis Team (PDAT) within the Office or Passenger Programs.

175.    Admitted.

176-178.    Denied.

179.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

180.    Denied.

181.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

182-185.    Denied.

186.    Denied.

187.    Given that this paragraph incorporates earlier paragraphs into this section of the answer, no answer is required.  Defendant incorporates the responses above herein.

9

188.    Admitted.

189.    Denied.

190.    Admitted.

191-196.      These paragraph contain conclusions of law to which no answer is required.  To the extent that a response is deemed required, denied.

197-198.      Denied.

199.    This paragraph contains conclusions of law to which no answer is required.  To the extent that a response is deemed required, denied.

200.    Given that this paragraph incorporates earlier paragraphs into this section of the answer,  no answer is required.  Defendant incorporates the responses above herein.

201.    Admitted.

202.    Denied.

203.    Defendant admits only that Mark Reefe was a selectee under vacancy announcement number HQOFO/01-005 KBS.

204-212.      These paragraph contain conclusions of law to which no answer is required.  To the extent that a response is deemed required, denied.

213.    Given that this paragraph incorporates earlier paragraphs into this section of the answer,  no answer is required.  Defendant incorporates the responses above herein.

214.    Defendant admits only that Plaintiff applied under vacancy announcement number HQOFO/01-005 KBS.

215.    This paragraph contains conclusions of law to which no answer is required.  To the extent that a response is deemed required, denied.

216.    Defendant admits only that John Milne was a selectee under vacancy announcement number HQOFO/01-005 KBS.

217-225.    These paragraph contain conclusions of law to which no answer is required.  To the extent that a response is deemed required, denied.

226.    Given that this paragraph incorporates earlier paragraphs into this section of the answer,  no answer is required.  Defendant incorporates the responses above herein.

227.    Defendant admits only that Plaintiff applied for a promotion under vacancy announcement number HQOFO/01-005 KBS.

228.    Denied.

229.    Defendant admits only that Todd Hoffman was a selectee under vacancy announcement number HQOFO/01-005KBS and that John Heinrich, Director of Field Operations, Office of Field Operations, was the selecting official for one selection made under this vacancy announcement.

230-232.    These paragraph contain conclusions of law to which no answer is required.  To the extent that a response is deemed required, denied.

233.    Given that this paragraph incorporates earlier paragraphs into this section of the answer,  no answer is required.  Defendant incorporates the responses above herein.

234.    Defendant admits only that Gilbert applied for a GS-14 position under vacancy announcement number HQOFO/01-006KBS.

235.    Denied, except that Defendant admits that Ms. Hagans was selected under vacancy announcement number HQOFO/01-006KBS on or about July 5, 2001.

236-238.    These paragraph contain conclusions of law to which no answer is required.  To the extent that a response is deemed required, denied.

239.    Given that this paragraph incorporates earlier paragraphs into this section of the answer,  no answer is required.  Defendant incorporates the responses above herein.

240.    Admitted.

241-243.    Denied.

244-246.    These paragraph contain conclusions of law to which no answer is required.  To the extent that a response is deemed required, denied. As to the allegations contained in paragraph 244.

247.    Given that this paragraph incorporates earlier paragraphs into this section of the answer,  no answer is required.  Defendant incorporates the responses above herein.

248.    Defendant admits that Gilbert applied under vacancy announcement HQOFO/01-018KBS, but denies that the position opened in July 2001.

249.    Denied.

250.    Denied.

251.    Denied, except that Defendant admits that Dean Witmer was a selectee under vacancy announcement number HQOFO/01-018KBS.

252-254.    These paragraph contain conclusions of law to which no answer is required.  To the extent that a response is deemed required, denied.

255.    Given that this paragraph incorporates earlier paragraphs into this section of the answer,  no answer is required.  Defendant incorporates the responses above herein.

256.    Defendant admits that Gilbert applied under vacancy announcement HQOFO/01-018KBS, but does not admit that the position opened in July 2001. [check agency record]

257.    Denied.

258.    Denied, except that Defendant admits that Gilbert was not recommended for selection.

259.    Denied, except that Defendant admits that Beverly Leifer was a selectee under vacancy announcement number HQOFO/01-018KBS.

260-262.    These paragraph contain conclusions of law to which no answer is required. To the extent that a response is deemed required, denied.

263.    Given that this paragraph incorporates earlier paragraphs into this section of the answer, no answer is required. Defendant incorporates the responses above herein.

264.    Defendant admits only that Gilbert applied for a GS-14 Customs Inspector position under vacancy announcement number HEADQ/00-304KBS.

265.    Denied.

266.    Defendant admits that John Heinrich made several selections and Bonnie Tischler made one selection under vacancy announcement number HEADQ/00-304KBS.

267.    Denied, except that Defendant admits that John Heinrich selected Sandra Hasegawa for promotion.

268.    This paragraph contains conclusions of law to which no answer is required. To the extent that a response is deemed required, denied.

269.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

270-271.    These paragraph contain conclusions of law to which no answer is required. To the extent that a response is deemed required, denied.

272.    Given that this paragraph incorporates earlier paragraphs into this section of the answer, no answer is required. Defendant incorporates the responses above herein.

273.    Defendant admits that Plaintiff applied for a GS-14 Customs Inspector position under vacancy announcement number HEADQ/00-304KBS.

274.    Denied.

275.    Defendant admits only that Deputy Assistant Commissioner (Office of Field Operations) John Heinrich served as selecting official on 5 of 6 selection registers for vacancy announcement HEADQ/00-304KBS, that he selected Kim Knott from one of the selection registers. IF, TAB 20, p.00221-00222 and that Assistant Commissioner Bonnie Tischler was the selecting official for 1 of 6 selection registers for the same vacancy announcement.

276.    Denied, except that Defendant lacks sufficient knowledge to confirm whether the selectees had any prior EEO activity.

277-278.    These paragraph contain conclusions of law to which no answer is required.  To the extent that a response is deemed required, denied.

279.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

280.    This paragraph contains conclusions of law to which no answer is required.  To the extent that a response is deemed required, denied.

281.    Given that this paragraph incorporates earlier paragraphs into this section of the answer,  no answer is required.  Defendant incorporates the responses above herein.

282.    Defendant admits. Check to see if it was Customs Inspector position and date.

283.    Defendant admits only that Gilbert's name appeared on the Best Qualified List for vacancy announcement number HEADQ/00-304KBS.

284.    Defendant admits only that Deputy Assistant Commissioner (Office of Field Operations) John Heinrich served as selecting official on 5 of 6 selection registers for vacancy announcement HEADQ/00-304KBS, that he selected Kim Knott from one of the selection registers and that Assistant Commissioner Bonnie Tischler was the selecting official for 1 of 6 selection registers for the same vacancy announcement.

14

285.    Defendant admits only that Gary Laxton was a selectee under vacancy announcement HEADQ/00-304KBS.

286.    This paragraph contains conclusions of law to which no answer is required.  To the extent that a response is deemed required, denied.

288.    Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

289.    This paragraph contains conclusions of law to which no answer is required.  To the extent that a response is deemed required, denied.

290.    Given that this paragraph incorporates earlier paragraphs into this section of the answer,  no answer is required.  Defendant incorporates the responses above herein.

291.    Admitted.

292.    Defendant admits only that Plaintiff's name appeared on the Best Qualified List for vacancy announcement number HEADQ/00-304KBS.

293.    Defendant admits only that Deputy Assistant Commissioner (Office of Field Operations) John Heinrich served as selecting official on 5 of 6 selection registers for vacancy announcement HEADQ/00-304KBS, that he selected Kim Knott from one of the selection registers and that Assistant Commissioner Bonnie Tischler was the selecting official for 1 of 6 selection registers for the same vacancy announcement.

294.    Denied.

295.    Denied.

296.    This paragraph contains conclusions of law to which no answer is required.  To the extent that a response is deemed required, denied.

297-299.    These paragraph contain conclusions of law to which no answer is required.  To the extent that a response is deemed required, denied.

## **PRAYER FOR RELIEF**

Paragraphs (a) through (j) on pages 35 and 36 of her complaint contain Plaintiff's prayer for relief, to which a response is not required. To the extent that a response is deemed required, Defendant specifically denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

WHEREFORE, the Defendant demands as follows:

1.      Judgment in his favor and against Plaintiff;

2.      For all costs incurred herein; and

3.      For any and all relief to which it may appear to be entitled.


Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

**OF COUNSEL**:
Drew Hatcher
Office of Chief Counsel
Customs and Border Protection

16

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY, this 18th day of December, 2006, reliance on the Electronic Court

Filing system (ECF) to insure that a digital copy of the foregoing Answer has been served on

Counsel for the Plaintiff, or, if this means fails, then reliance on first class mail, postage prepaid,

addressed to:

Leizer Z. Goldsmith
THE GOLDSMITH LAW FIRM, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, D.C.  20015

Counsel for the Plaintiff


_____/s/_____
OLIVER W. MCDANIEL
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 616-0739