UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR GILBERT )<br>)<br>     Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL CHERTOFF, SECRETARY )<br>DEPARTMENT OF HOMELAND SECURITY )<br>)<br>     Defendant. )<br>)<br>_____ ) | Civil Action No. 05-2128 (RJL) |

**DEFENDANT'S MOTION FOR AN EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS,
AND MEMORANDUM IN SUPPORT THEREOF**

The Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully moves this Court, pursuant to Fed. R. Civ. P. 6(b) and 33, for an extension of time to respond or object to Plaintiff's discovery requests, that is, interrogatories and requests for production of documents. Defendant seeks an additional two months, from March 19, 2007, up to and including May 18, 2007, because of the extensive nature of Plaintiff's discovery requests which require the Department of Homeland Security (DHS) to expend a significant amount of time supplying responsive information and the time required for the parties to negotiate and file, and for the Court to approve, a stipulated privacy protection order, which must be completed before Defendant can disclose certain categories of discovery sought by Plaintiff. Counsel for the Defendant has attempted to confer with Counsel for the Plaintiff. However, Counsel have been unable to complete the process in advance of the due date. As grounds for this motion, Defendant submits the following memorandum in support.

Although Plaintiff's discovery requests were dated February 14, 2007, Counsel for the Defendant did not actually receive them until February 21, 2007. Plaintiff's complaint encompasses at least ten (10) non-selections, even though a smaller number are actually advanced as part of his causes of action. Plaintiff seeks an extensive amount of information about these non-selections. In addition to general inquiries about defenses, Plaintiff seeks the identities, titles and roles of every single participant in each of the selection processes, and related documents, whether not these individuals were actually involved in the decision. Plaintiff seeks all reasons for all non-selections and for the selections, as well as detailed information biographical information about each selectee. Plaintiff as well seeks all Title VII complaint information concerning the alleged discriminating officials in this case.

Concerning document requests, Plaintiffs seeks all documents consulted, all personnel files, any documents that are even tangentially related to the selection process, all correspondence between DHS and the Plaintiff, at any time, policies, manuals, regulations, statements, tapes, transcripts, telephone messages, phone logs, voice recordings or "other records" and any other records relating to Plaintiff. Plaintiff as well seeks document retention policies. Most critically, Plaintiff's document requests include requests for electronic documents, including electronic mail messages. Moreover, Plaintiff seeks the official personnel folders (OPFs) of the selectees, production of which will be time-consuming for DHS and will require a privacy protection order.

Given the extensive nature of these requests, DHS needs much more time than allotted by the civil rules to respond. The parties also need to agree to, file and have the Court approve a stipulated privacy protection agreement, given that the OPFs of the selectees requested by Plaintiff

clearly implicate the release of privacy act protected information of employees or former employees not involved in this litigation.

This requested extension is also necessitated by the fact that Counsel for the Defendant needs time to review and assemble responses, as well as to lodge appropriate objections, to these discovery requests. However, Counsel for the Defendant, among other obligations, has had to file on March 12, 2007, in the Court of Appeals, a Motion for Summary Affirmance in Sibley v. Breyer, Appeal No. 07-5009. Counsel for Defendant has had and will have a number of filing obligations in Johnson v. District of Columbia, et al., C.A. No. 02-2364 (RMC) and Appeal No. 07-5037, and is involved in ongoing mediation in Gard v. U.S. Dept. of Education, C.A. No. 00-1096 (PL) (AK) and Kriesch v. Johanns, C.A. No. 05-2402 (RMC). Counsel for Defendant must also address discovery issues in the class action suit of Hubbard v. Potter, C.A. No. 03-1062 (RJL), in which a status conference regarding discovery issues has been scheduled for May 7, 2007.

In view of these and other demands on Counsel for the Defendant, as well as the extensive nature of the Plaintiff's discovery requests, Defendant requests an additional two months, from March 19, to May 18, 2007, within which to respond to Plaintiff's discovery requests.

WHEREFORE, Defendant respectfully submits that this motion for an extension of time to respond to Plaintiffs' discovery requests should be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR NUMBER 498-610


By: _____/s/_____
OLIVER W. McDANIEL, D.C. Bar No. 377-360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 616-0739

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, this 14th day of December, 2006, reliance on the Electronic Court Filing system (ECF) to insure that a digital copy of the foregoing Defendant's Motion for an Extension of Time to Respond to Plaintiffs' Discovery Requests and Memorandum in Support Thereof, has been served on Counsel for the Plaintiff by the Electronic Court Filing system, or, if this means fails, then first class mail, postage prepaid, addressed to:

Leizer Z. Goldsmith
THE GOLDSMITH LAW FIRM, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, D.C. 20015

Counsel for the Plaintiff

_____/s/_____
OLIVER W. MCDANIEL
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739
(202) 514-8780 (Fax)