UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAY 2 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ARTHUR GILBERT                )
                              )
         Plaintiff,           )
                              )
    v.                        )  Civil Action No. 05-2128 (RJL)
                              )
MICHAEL CHERTOFF, SECRETARY   )
DEPARTMENT OF HOMELAND SECURITY )
                              )
         Defendant.           )
_____)

## STIPULATED PROTECTIVE ORDER

This is an action in which plaintiff alleges that defendant discriminated against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act, 29 U.S.C. § 621. Through his Requests for Production of Documents, plaintiff has sought certain information and records that are protected by the Privacy Act of 1974, 5 U.S.C. § 552a, or that otherwise may be subject to confidential treatment. In order to permit plaintiff to discover information relevant to this case without undermining confidentiality concerns, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties stipulate, and it is hereby ORDERED:

1. Counsel for defendant is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11) and consistent with 28 C.F.R. § 16.23, to release to counsel for plaintiff information covered by the Privacy Act, 5 U.S.C. § 552a, whether such release is pursuant to discovery or otherwise in this case.

2. Counsel for either party to this litigation may initially designate as "protected" hereunder any material exchanged in this case if counsel deems, in good faith, that release of such material would otherwise constitute an unreasonable invasion of privacy. Either party designating material as protected hereunder represents thereby that it has done so in good faith and pursuant to

a bona fide belief that such materials are in fact confidential and deserving of protection. Counsel and parties are referred to Local Civil Rule 5.4(f) and this Court's "Notice Regarding Privacy and Public Access to Electronic Case Files," dated September 2004 [available at www.dcd.uscourts.gov/civil-privacy.pdf], for typical examples of material deserving "protected" designation.

3. In designating material as protected, the party so designating it shall identify the protected material with specificity in writing. Either party's counsel may, at any time, object to the designation of material as protected. In the event of any such objection, the designating party's counsel agrees to confer with counsel for the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the material shall be treated as protected.

4. Protected material provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:

(a) Protected material may be used for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to anyone other than: (i) plaintiff and counsel for plaintiff, such counsel's firm and its employees, witnesses offered either by the plaintiff and/or the defendant, and outside consultants and experts retained by plaintiff to assist such counsel, specifically for purposes of this litigation; (ii) the person to whose privacy interests the Privacy Act restrictions are meant to protect with respect to any particular document (e.g., the employee who is the subject of an agency personnel file may be shown documents from his/her personnel file); and (iii) counsel for the defendant and other employees of the United States government who have a need to review the protected material for the defense or prosecution of this

- 2 -

case, or outside consultants or experts retained by the defendant, specifically for purposes of this litigation.

(b)   It shall be the responsibility of counsel to bring this order to the attention of all persons within their respective firms and all outside consultants and experts to whom they disclose protected material, and to insure that all such persons comply with the terms of this order.

(c)   The filing of materials designated under this order shall conform with Local Civil Rule 5.4(f) and the Court's "Notice Regarding Privacy and Public Access to Electronic Case Files."

(d)   All copies made of any material that is subject to this order shall be clearly labeled as containing protected material and shall, upon request to be made not later than six months after the conclusion of the litigation, and at the behest of the requesting party, be returned to the party who originally produced them or destroyed at the conclusion of this litigation (including any and all appeals). Legal memoranda and briefs containing protected material and any work product materials containing protected material may be retained if such documents shall be kept in the possession of a private litigant's counsel or in the possession of a governmental entity, and shall not in the future be disclosed contrary to the provisions of this order.

(e)   Counsel shall endeavor to avoid revealing protected material in any oral proceedings before the Court, including oral argument. If any counsel finds it necessary to refer to protected material in any such oral proceeding, counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of confidential material as a consequence of such oral proceedings to persons other than those authorized by this order. Counsel for the party asserting protection shall be equally responsible for noting that protected material may be implicated in a

proceeding, for raising the issue, and for proposing solutions to the expected problem. Such counsel will be construed as having waived any such concerns if he or she fails timely to raise them in a manner that could reasonably be expected to mitigate any perceived harm.

5. Counsel shall promptly report any breach of the provisions of this order to the Court and counsel for the party who produced the protected material that was improperly divulged or compromised. Upon discovery of any breach, counsel shall immediately take appropriate action to cure the violation and retrieve any confidential material that may have been disclosed to persons not covered by this order. Counsel shall also cooperate fully in any investigation of such breach conducted by the Court. Nothing contained in this order shall be deemed or relied upon to create any right or benefit, substantive or procedural, for any person or entity other than the parties to the above-captioned action.

6. By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

7. Pursuant to 5 U.S.C. § 552a(b)(11), the parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Stipulation, and nothing contained herein shall be construed as precluding any party to this agreement from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

8. Nothing contained herein shall restrict the government's use of its records for official business or for other purposes consistent with other applicable laws and regulations.

9. Any specific part or parts of the restrictions imposed by this protective order may be terminated at any time by a letter from counsel for the designating party or by an Order of the Court.

10. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

11. Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

12. This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order

Respectfully submitted,

_Leizer Z. Goldsmith /ovi_
Leizer Z. Goldsmith (D.C. Bar No. 419544)
5335 Wisconsin Avenue, N.W., Suite 440
Washington, D.C. 20015
Telephone: (202) 195-1506
Facsimile: (202) 318-0798

Counsel for the Plaintiff

Date: 5-21-07

_Jeffrey A. Taylor_
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_Rudolph Contreras_
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_Oliver W. McDaniel_
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

Counsel for the Defendant

Date: 5/22/07

It is so ORDERED by the Court this 25th day of May, 2007.

_____
United States District Judge

- 5 -